```
IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
```

| | | |
|---|---|---|
| JULIO ISLEY SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | 9:04CV1136 |
| | ) | |
| v. | ) | |
| | ) | |
| CARLENE RUSSELL, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on defendant's motion for summary judgment (Filing No. 25) and plaintiff's response (Filing No. 33). The Court has reviewed the motion, defendant's statement of material facts (Filing No. 25-1), defendant's supporting brief and plaintiff's response and finds that defendant's motion for summary judgment should be granted.

### I. Summary Judgment Standard

On a motion for summary judgment, all reasonable factual inferences must be drawn in favor of the non-moving party. See, e.g., *Savino v. City of New York*, 331 F.3d 63, 71 (2d Cir. 2003)(citing *Anderson,* 477 U.S. at 255). However, to survive a motion for summary judgment, "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)(emphasis omitted)(quoting *Fed. R. Civ. P. 56(e)*)(citation omitted). "Conclusory allegations, conjecture, and speculation . . . are insufficient

to create a genuine issue of fact."  *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998)(citation omitted).  Thus, "statements that are devoid of any specifics, but replete with conclusions, are insufficient to defeat a properly supported motion for summary judgment."  *Bickerstaff v. Vassar* Coll., 196 F.3d 435, 452 (2d Cir. 1999)(citations omitted), *cert. denied*, 530 U.S. 1242 (2000).

"In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant may satisfy [its] burden by pointing to an absence of evidence to support an essential element of the nonmoving party's claim." *Vann v. City of New York,* 72 F.3d 1040, 1048 (2d Cir. 1995) (*citing Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986)). A party "moving for summary judgment must prevail if the [non-movant] fails to come forward with enough evidence to create a genuine factual issue to be tried with respect to an element essential to its case."  *Allen v. Cuomo,* 100 F.3d 253, 258 (2d Cir. 1996)(*citing Anderson,* 477 U.S. at 247-48).  While the submissions of pro se litigants are liberally construed, see, e.g., *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir. 1994), the fact that the plaintiff is "proceeding pro se does not otherwise relieve [him] from the usual requirements of summary judgment." *Fitzpatrick v. New York Cornell Hosp.,* 2002 U.S. Dist. LEXIS

25166, 2003 WL 102853, at *5 (S.D.N.Y. Jan. 9, 2003)(citing cases).

## II.  FACTS

On July 29, 2004, Great Meadow Correctional facility ("Great Meadow") initiated a lockdown and facility-wide frisk after contraband was found in the facility (Deposition Transcript of Julio I. Smith ("Smith Tr."), 10:19-22).  Great Meadow contains more than 1,600 cells, each of which needed to be searched quickly and thoroughly (Defendants Statement of Material Facts ("DSOF"), ¶¶ 17-18).  Officers conducted a facility-wide frisk of cells and common areas as well as a metal detector sweep of inmates themselves (Smith Tr. 10:17-24, 18:8-15; DSOF, ¶ 2).  The search of the plaintiff, Julio Isley Smith ("Smith"), and his cell occurred on August 2, 2004 (Complaint, ¶ 6).  The defendant, officer Colleen Russell[1] ("Russell"), approached Smith's cell, along with several male officers and ordered Smith to undress down to his shorts (Smith Tr. 12:3-10).  Smith told Russell that he was Muslim and, therefore, she could not be present for his search (Smith Tr. 13:9-14).  In his deposition, Smith asserted that his religion forbids him from exposing his knees and upper

---

[1] The defendant's name is Colleen Russell.  In the case caption her name is incorrectly listed as Carlene Russell.  Smith clarified that the complaint is intended to be against Officer Colleen Russell (Smith Tr. 6:11-14).

shoulders to a female outside of his family or his marriage (Smith Tr. 18:16-19:3, 23:14-19).  A male guard repeated the order for Smith to strip down to his shorts (Smith Tr. 14:2-5).  Smith complied (Smith Tr. 15:1-2).  Smith's body was then scanned by a male officer, using a hand held metal detector (Smith Tr. 16:18-17:10).  Russell never touched Smith during the metal detector search of his body or during the frisk of Smith's cell (Smith Tr. 17:14-21).  Smith was never naked in front of Russell, and his genitals were never exposed in her presence or in the presence of any officers during this search (Smith Tr. 22:25-23:13).  The lockdown lasted for six days, ending at 2:40 p.m. on August 3, 2004 (Smith Tr. 21:9-13; DSOF, ¶¶ 1,21).

 Smith filed an institutional grievance, alleging that Russell violated his rights as a Muslim male on August 9, 2004, by forcing him to undress in her presence (Smith Tr. 24:19-25:15).  Smith filed this complaint on September 29, 2004 (Filing No. 1), alleging that Russell violated unspecified federal laws as well as Corrections Law § 610 by forcing Smith to undress in her presence (Complaint, ¶¶ 7, 9).  Smith seeks $350,000 in unspecified damages (Complaint, ¶ 9).

### III.  ANALYSIS

 To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2)

that the violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

    A.   Metal Detector Search

Smith was searched by a male officer using a hand-held metal detector which was passed over Smith's body.  Smith was dressed in his undershorts and was never required to bare his genitals to any officer during this search.  While this is akin to a strip frisk, it is not as invasive or as potentially objectionable.

Courts in this circuit have considered strip frisks of Muslim men and have found that they pass constitutional scrutiny so long as the search is reasonable and not abusive.  In *Shabazz v. Pico*, 994 F. Supp. 460, 473 (S.D.N.Y. 1998)(vacated in part on other grounds, *Shabazz v. Pico*, 205 F.3d 1324 (2d Cir. 2000)), the Court granted summary judgment for the defendants where a Muslim inmate challenged a strip frisk as a violation of a tenet of his religion.  *Shabazz*, 994 F. Supp. at 473.  The *Shabazz* Court noted that "an inmate challenging a strip frisk must 'meet the burden of establishing the unreasonableness of the search.'"  *Id.* (*citing Hurley v. Ward*, 549 F. Supp. 174, 184 (S.D.N.Y. 1982)).  "It is not unreasonable to require inmates to remove their clothing, including their underwear, to permit a visual inspection of the naked body."  *Hurley*, 549 F. Supp. at 186.  The *Shabazz* Court stated that "'The religious tenets of the Muslims

in the prison setting must give way to penological and security requirements of the prisons.'"  *Shabazz,* 994 F. Supp. at 473 (*quoting Hurley*, 549 F. Supp. at 186).

The search of Smith is less intrusive than the search in *Shabazz*.  Here, Smith was never asked to fully disrobe.  His genitals were always covered, and he was not touched by any officer.  Conversely, in *Shabazz*, the inmate was complaining of a strip frisk.[2]  Where courts in this circuit have held that a strip frisk of a Muslim inmate did not violate the inmate's religious constitutional rights, this Court finds that a metal detector examination of Smith by a male officer, in the presence of female officer Russell, where he was always clothed in his undershorts did not violate Smith's constitutional rights and Russell's motion for summary judgment will be granted.

B.   Qualified Immunity

Even if the Court had found that Smith's complaint sufficiently stated a constitutional claim (which it has not), the complaint will still be dismissed because Russell is protected by the cloak of qualified immunity.  The doctrine of

---

[2] "A strip frisk is a search of an inmate's clothing and body including a visual inspection of body cavities.  For a male, a strip frisk involves one or more of the following procedures: 'a mouth search, running his hands through his hair, allowing his ears to be visually examined, lifting his arms to expose his armpits, spreading his testicles to expose his anus to the frisking officer.'"  *Shabazz*, 994 F. Supp. at 472-73 (citation omitted).

qualified immunity shields public officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  A defendant can successfully establish a qualified immunity defense if the defendant's action did not violate clearly established law, or it was objectively reasonable for the defendant to believe her actions did not violate clearly established law.  *Salim v. Proulx*, 93 F.3d 86, 89 (2d Cir. 1996).

The Second Circuit considers three factors in assessing whether a right was clearly established for qualified immunity purposes:  first, whether the right in question was defined with reasonable specificity; second, whether the decisional law of the Supreme Court or the Second Circuit supports the existence of the right in question; and third, whether under preexisting law a reasonable defendant would have understood her acts were unlawful.  *Richardson v. Selsky*, 5 F.3d 616, 621 (2d Cir. 1993).

While the rights of all prisoners to practice their religion is well established the right Smith asserts, that his religious rights are violated if a female observes his knees or shoulders, is not.  Further, no case law from the United States Supreme Court or the Second Circuit Court of Appeals supports Smith's theory.  Without a clearly established right and with no case law in support of a right, Russell could not have understood

that it was unlawful to be present while a male officer searched Smith with a metal detector while Smith was clothed in his undershorts, revealing his knees and shoulders but not his genitals.  Thus, Russell is entitled to the protective cloak of qualified immunity.  Therefore, Russell's motion for summary judgment should be granted on qualified immunity grounds.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 29th day of January, 2007.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court